IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| William S. Pegues, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:21-cv-00763-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Kendall, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner William S. Pegues ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus on March 17, 2021. (ECF Nos. 1; 2; 11). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On June 10, 2021, Respondent filed his Return to the Petition and a Motion for Summary Judgment. (ECF Nos. 20; 21). Petitioner filed his response in opposition to the motion on August 18, 2021, (ECF No. 29), to which Respondent replied, (ECF No. 30). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment and deny Petitioner's petition. (ECF No. 32). Petitioner filed objections to the Report, (ECF No. 34), and Respondent replied, (ECF No. 41). Accordingly, this matter is now ripe for review.

**PROCEDURAL HISTORY**[1]

The facts of the case, as stated by the solicitor during Petitioner's plea hearing, are as follows. On January 11, 2016, one of the victims, Ricky Bullock ("Bullock"), was asleep in his

---

[1] The factual background and procedural history set forth herein are taken from Respondent's memorandum in support of his motion for summary judgment, (ECF No. 20), which Petitioner does not dispute, *see* (ECF No. 29).

1

bed when he was woken up by the sounds of gunshots and someone yelling, and an individual with a black scarf around his face entered the room. (ECF No. 20-1 at 10). Bullock later told the police that he had recognized Petitioner's voice and called Petitioner by name to ask what he was doing. *Id*. Petitioner replied, "I'm not William," told Bullock to "get it all," and fired three or four warning shots into the floor. *Id*. At that point, Petitioner's gun jammed, and Bullock rushed Petitioner attempting to take the gun. *Id*. During their struggle, Petitioner hit Bullock in the head with the gun. *Id*. at 10–11. Bullock then yelled to the second victim, Gary Foreshee ("Foreshee"), for help and the two of them fought Petitioner from the bedroom to the kitchen. *Id*. at 11. Once in the kitchen, Bullock was able to grab a baseball bat with which he hit Petitioner in the head, knocking him unconscious. *Id*. When Petitioner regained consciousness, he tried to run for the front door but Bullock and Foreshee tackled and subdued him until law enforcement arrived. *Id*. Police officers arrived shortly thereafter and found Bullock standing at the door with a bleeding headwound. *Id*. at 10. Upon entering the home, the officers observed Petitioner lying on the floor with a bleeding head wound and Foreshee near the couch with blood on him. *Id*. Bullock and Foreshee told the officers that Petitioner and another man had tried to rob them and that the second man had fled through the window. *Id*.

Petitioner was indicted in March 2016 by the Chesterfield County Grand Jury for first degree burglary, assault and battery of a high and aggravated nature ("ABHAN"), and possession of a weapon during the commission of a violent crime. (ECF No. 20-1 at 90–95). On January 10, 2017, Petitioner appeared for a plea hearing, represented by attorney Ashley McIntyre, before Judge Paul M. Burch. *Id*. at 3, 5. Solicitor Mary Thomas-Johnson Lee appeared on behalf of the State. *Id*. at 3. At the hearing, Petitioner pled guilty to each of the charges. *Id*. at 6–7. Judge Burch sentenced Petitioner to concurrent terms of seven years imprisonment for the ABHAN

charge, five years on the possession of a weapon charge, and fifteen years on the burglary charge. *Id*. at 17–18, 24. Petitioner filed a notice of appeal which the South Carolina Court of Appeals dismissed on February 16, 2017. *See* (ECF Nos. 1 at 2; 20 at 2).

Subsequently, on April 28, 2017, Petitioner filed an application for Post-Conviction Relief ("PCR") asserting (1) that his plea counsel was ineffective for failing to investigate witnesses present during the incident; (2) that his guilty plea was involuntary because he wanted to go to trial until his plea counsel improperly advised him that a conviction at trial would result in a mandatory life sentence; and (3) that he was denied due process. *See* (ECF No. 20-1 at 27–31, 82–88). An evidentiary hearing was held on Petitioner's application on August 21, 2019. *Id*. at 39–78. At the hearing, Petitioner was represented by counsel, and both Petitioner and his plea counsel testified. *See id*. at 39, 44–74. Following the hearing, the PCR judge entered an order denying and dismissing Petitioner's PCR application with prejudice. *Id*. at 80–89. The PCR court's analysis, findings, and conclusions are set forth verbatim in the magistrate judge's Report. *See* (ECF No. 32 at 3–7). Briefly, the PCR court found Petitioner "did not provide any evidence or testimony about his due process violation allegation" and, therefore, dismissed Petitioner's third claim. (ECF No. 20-1 at 82). As to Petitioner's ineffective assistance claim, the PCR judge fully considered both Petitioner's and plea counsel's testimony and found plea counsel to be more credible. *Id*. at 85. The court concluded that plea counsel accurately advised Petitioner and "reasonably decided not [to] interview witnesses where she had their written statements and determined the assault to [be] irrelevant [as] a defense [to] first degree burglary." *Id*. Thus, the PCR court concluded that Petitioner failed to demonstrate that plea counsel was deficient or that he suffered any prejudice from her representation as required by *Strickland v. Washington*, 466 U.S. 668 (1984) to establish a claim for ineffective assistance of counsel. *Id*. at 82–83, 85–86. Finally, with respect to

Petitioner's claim that his guilty plea was involuntarily made, the PCR court found plea counsel "gave credibl[e] testimony [that] she accurately advised [Petitioner] about relevant sentencing consequences[,]" and "the plea court advised [Petitioner] about potential sentencing consequences of first degree [sic] burglary" such that Petitioner "failed to overcome the burden to prove his decision to plea[d] was not knowing or voluntary." *Id*. at 87–88.

Petitioner appealed the denial of his PCR application and his counsel filed a *Johnson*[2] petition for a writ of certiorari in the South Carolina Supreme court raising the following issue:

> Whether the PCR court erred by finding petitioner was effectively represented where he pled guilty because he was erroneously led to believe by defense counsel that he would be sentenced to life imprisonment if he was convicted of burglary in the first degree where the probability of that sentence was almost non-existent given the facts of this case?

(ECF No. 20-2 at 1–10). Petitioner's counsel simultaneously filed a motion to be relieved as counsel, indicating he believed Petitioner's argument to be without merit. *Id*. at 11. Petitioner then filed a *pro se* response asserting that he did not want to accept the plea offer, but that his plea counsel "took advantage" of Petitioner's recent illness and "constantly . . . nagged" him that he would be sentenced to life in prison if he did not agree to the plea offer. *See* (ECF No. 20-4). He further claimed that he had witnesses ready to testify at his PCR hearing, but that his hearing was moved to another county at the last minute without his knowledge. *Id*. at 2. On September 28, 2020, the South Carolina Supreme Court transferred the petition for writ of certiorari to the Court of Appeals, (ECF No. 20-5), and the Court of Appeals denied the petition on January 22, 2021, (ECF No. 20-6).

Consequently, Petitioner initiated this action on March 17, 2021, claiming ineffective assistance of both his plea and PCR counsel and alleging that he was denied due process. (ECF

---

[2] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

4

No. 1). In particular, Petitioner claims his plea counsel "failed to adequately investigate the case to determine in fact whether the accused was at fault . . . [o]r whether there was any unlawful entry to support the generic term 'burglary'" and his PCR counsel "was ineffective by failing to move for a continuance of the evidentiary hearing[] [k]nowing[] [Petitioner] was continuously told the hearing would be held in 'Marlboro County'[] [a]nd on the day of the hearing, it was instead held in 'Chesterfied [sic] County'[] [d]epriving the [Petitioner] of a fair PCR." *Id*. at 5. As to his due process claim, Petitioner alleges that he was led to believe his PCR hearing would be held in Marlboro County and, accordingly, had his witnesses appear at the Marlboro County Courthouse instead of at the actual venue in Chesterfield County. *Id*. at 3–4. Petitioner asserts that he asked his PCR counsel to request a continuance, but none was granted and that the PCR court's finding that Petitioner failed to offer any witnesses or evidence "was due in large part to holding the hearing in a different venue than what was explained by the state[]." *Id*. at 4.

On June 10, 2021, Respondent filed his return and a Motion for Summary Judgment. (ECF Nos. 20; 21). Petitioner filed a response in opposition to Respondent's motion, (ECF No. 29), and Respondent replied (ECF No. 30). The magistrate judge entered her Report on November 4, 2021, recommending the undersigned grant Respondent's motion (ECF No. 21) and deny the Petition (ECF No. 1). (ECF No. 32). As noted above, Petitioner filed objections to the Report. (ECF No. 34).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir.

2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge recommends the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 32 at 24). The magistrate judge first addressed Petitioner's claims of ineffective assistance of plea counsel. *Id*. at 12–14, 18–23. As to Petitioner's first claim that plea counsel was ineffective in failing to interview witnesses and fully investigate the facts surrounding the charges against him, the magistrate judge thoroughly discussed the testimony presented at the PCR hearing and the PCR court's analysis and found that "the evidence presented at the hearing supports the PCR court's finding that counsel provided representation within the range of competence required in criminal cases." *Id*. at 21; *see also id*. at 18–20. In particular, the magistrate judge concluded as follows:

> The evidence in the record supports the [PCR] court's findings that [plea] counsel reasonably decided not to interview witnesses after interviewing Petitioner, reviewing witnesses' statements, and concluding the assault was irrelevant as a defense to first degree burglary. Additionally, Petitioner's failure to name the person who gave him permission to enter the home, or to offer this testimony at his PCR hearing, further supports the PCR court's conclusion that Petitioner failed to overcome the burden of proof showing he suffered prejudice from counsel's failure to interview witnesses.

*Id*. at 21.

7

Similarly, with respect to Petitioner's claim that his guilty plea was involuntary based on his plea counsel's failure to accurately advise him as to the possible sentencing consequences for first degree burglary, the magistrate judge noted that, even if his plea counsel misinformed him, the plea court explicitly advised Petitioner of the potential sentencing on a first-degree burglary charge. *Id*. at 22.  Nevertheless, Petitioner chose to plead guilty and testified that he was doing so of his own free will. *Id*.  Thus, because Petitioner cannot establish prejudice from plea counsel's alleged deficient representation, the magistrate judge found that "the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's involuntary guilty plea claim." *Id*.  Accordingly, the magistrate judge concluded that "Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding his ineffective assistance of counsel and involuntary guilty plea claims" and "has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination of these issues given the evidence and record." *Id*. (citing 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Williams v. Taylor*, 529 U.S. 420 (2000); *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We will thus grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings *only* where such adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law' . . . or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding'" (quoting 28 U.S.C. § 2254(d)(1), (2)) (emphasis added)); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000).

8

The magistrate judge then considered Petitioner's arguments (1) that his PCR counsel was ineffective in failing to move for a continuance of the PCR hearing after the hearing was moved from Marlboro County to Chesterfield County and (2) that the denial of a continuance violated his due process rights, and found that both claims "are not cognizable on federal habeas review." (ECF No. 32 at 23); *see also* (ECF Nos. 1 at 5, 6, 8, 14; 1-1 at 3–4). Specifically, the magistrate judge noted that, pursuant to controlling Fourth Circuit precedent, "alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions." (ECF No. 32 at 23 (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988)). In other words, because "[t]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction[,] what occurred in the Petitioner's collateral proceeding does not enter into the habeas calculations." *Id*. at 23–24 (citing 28 U.S.C. § 2254(i); *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d. Cir. 2004)). Accordingly, the magistrate judge recommended the court grant summary judgment for Respondent as to all of Petitioner's claims. *Id*. at 24.

## DISCUSSION

As an initial matter, Petitioner's objections to the Report were due on November 18, 2021, and, because he was served by mail, he was entitled to an additional three days in which to file pursuant to Federal Rule of Civil Procedure 6(d), making his deadline Monday, November 22, 2021. *See* Rule 12, Rules Governing Section 2254 Proceedings (applying the Federal Rules of Civil Procedure to § 2254 proceedings). Although the envelope in which Petitioner's objections were filed indicates it was not received by the prison mailroom until November 23, 2021, *see* (ECF No. 34-1 at 1), out of an abundance of caution the court will assume that Petitioner delivered his objections to the mailroom on the date they appear to have been signed, November 18, 2021, *see*

(ECF No. 34 at 3). Thus, under the "prison mailbox rule," Petitioner is deemed to have filed his objections when they were presumably delivered to the mailroom on November 18, 2021. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988). Accordingly, Petitioner's objections are deemed timely, and the court will consider them on the merits.

Although Petitioner filed objections to the Report, he makes no specific challenges to any of the magistrate judge's findings or conclusions. *See* (ECF No. 34). Instead, Petitioner's first objection, liberally construed, merely states his disagreement with the *PCR court's* ruling and repeats the allegations of his first claim regarding whether his plea counsel properly advised him on the possible sentencing consequences of a first-degree burglary charge and, therefore, whether his plea was made voluntarily. *See id*. at 1–2. As noted above, the magistrate judge thoroughly reviewed the record, the transcript from the PCR hearing, and the PCR court's ruling and fully considered Petitioner's claim. *See* (ECF No. 32 at 3–7, 10–14, 18–23). Moreover, it is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). This objection, therefore, is overruled.

Similarly, Petitioner's second objection—couched as an "objection to the State's motion for summary judgment"—simply sets forth the standard of review on summary judgment motions and states, without factual or legal support, his disagreement with the magistrate judge's conclusion that summary judgment for Respondent is warranted in this case. (ECF No. 34 at 2–3). Again, objections which merely restate arguments already presented to and ruled on by the magistrate judge do not constitute specific objections. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012). Additionally, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review this portion of the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the parties' filings, and the Report under the appropriate standards, the court finds no error—clear or otherwise—in the magistrate judge's Report and finds no reason to deviate from the disposition recommended therein. Thus, for the reasons set forth herein, the court **ADOPTS** the Report in its entirety (ECF No. 32) and incorporates it herein. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 21) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 21, 2021